IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-01182-REB-MEH

TEXAS GUARANTEED STUDENT LOAN CORPORATION,

    Plaintiffs,

v.

GENTLE TOUCH CHIROPRACTIC CLINIC, LLC,

    Defendant.

## ORDER GRANTING MOTION FOR PARTIAL DEFAULT JUDGMENT

**Blackburn, J.**

    This matter is before me on the plaintiff's **Motion for Partial Default Judgment** [#13], filed September 21, 2007. The defendant has not filed a response. I grant the motion.

    I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question). The plaintiff duly served the defendant on July 20, 2007, in accordance with Fed.R.Civ.P. 4(h)(1). The defendant failed to appear or otherwise defend within the time prescribed by law, and, thus, has admitted the factual allegations of the complaint other than those relating to damages. **See FED.R.CIV.P**. 8(d); *see also Burlington Northern Railroad Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996). Entry of default pursuant to Fed.R.Civ.P. 55(a) was entered by the Clerk of the Court on August 31, 2007 [#10].

    The plaintiff brought this suit under 20 U.S.C. § 1095a(a)(6) to enforce administrative wage withholding orders which it issued to the defendant. The plaintiff

issued an administrative wage withholding order to the defendant on March 30, 2006. *Complaint*, Ex. B. The wage withholding order directed the defendant to withhold and to pay to the plaintiff ten percent (10%) of the "disposable pay," as defined in 20 U.S.C. § 1095a(d), of one Gary C. Terrell, who is employed by the defendant. The plaintiff issued an amended administrative wage withholding order to the defendant on November 8, 2006. *Complaint*, Ex. C. The amended wage withholding order directed the defendant to withhold and to pay to the plaintiff fifteen percent (15%) of the "disposable pay," as defined in 20 U.S.C. § 1095a(d), of one Gary C. Terrell. The amended wage withholding order increased the amount to be withheld from ten percent of disposable pay to fifteen percent of disposable pay, consistent with the amendment of 20 U.S.C. § 1095a(a)(1) that was effective July 1, 2006.

Gary C. Terrell is the borrower on a student loan guaranteed by the plaintiff and was an employee of the defendant at the time the wage withholding orders were issued. The defendant has refused to comply fully with the orders requiring the defendant to withhold a portion of the wages of Gary C. Terrell. The plaintiff sent the defendant an additional notice on May 18, 2006, requesting compliance with the wage withholding orders. *Complaint*, Ex. D.

The plaintiff alleges that the defendant is in violation of 20 U.S.C. § 1095a because the defendant has failed and refused to withhold and remit to the plaintiff the proper portion of the wages of Gary C. Terrell, an employee of the defendant. Section 1095a allows guaranty agencies, such as the plaintiff, to administratively garnish fifteen percent of the disposable pay of borrowers who are in default on a student loan by issuing a wage withholding order to the borrower's employer. Because the defendant

2

has refused to comply with the orders sent to it by the plaintiff, the defendant is liable for any and all amounts it failed to withhold following receipt of the orders issued to the defendant. 20 U.S.C. § 1095a(a)(6). That amount would be ten percent of Gary C. Terrell's disposable pay, prior to November 8, 2006, and fifteen percent of Gary C. Terrell's disposable pay, after November 8, 2006, or such lesser amount as is dictated by 15 U.S.C. § 1673. The defendant is liable for such amounts from the date the defendant received the relevant withholding orders to the date Gary C. Terrell ceases to be employed by the defendant. The plaintiff is entitled also to an award of reasonable attorney fees and costs expended to collect the amounts due.

Gary C. Terrell owes the plaintiff 17,323.28 dollars. The plaintiff is not able to quantify precisely the amounts owed to the plaintiff by the defendant because only the defendant and Gary C. Terrell know the amount of Gary C. Terrell's disposable pay, and there is no other reliable source from which the plaintiff can obtain that information. These aspects of the plaintiff's claims cannot be resolved on the current motion for partial default judgment. Gary C. Terrell is not currently in active duty in the military.

The plaintiff seeks partial default judgment on its claim for a mandatory inunction requiring the defendant to comply with the administrative wage withholding orders and 20 U.S.C. § 1095a. The plaintiff seeks also an order requiring the defendant to respond to post-judgment discovery under Fed. R. Civ. P. 69 so that the remaining aspects of the plaintiff's claims can be resolved fully. I conclude that additional discovery should be conducted under the pre-judgment discovery procedures of the Federal Rules of Civil Procedure, since that discovery is necessary to resolve aspects of the claims pending in this case that will not be resolved in this order.

3

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Motion for Partial Default Judgment** [#13], filed September 21, 2007, is **GRANTED** on the terms stated below;

2. That the plaintiff's **Motion for Partial Default Judgment** [#13], filed September 21, 2007, is **GRANTED** as to the plaintiff's claim for a mandatory injunction to enforce the requirements of 20 U.S.C. § 1095a and the plaintiff's administrative wage withholding orders;

3. That the defendant, Gentle Touch Chiropractic Clinic, LLC, is **ORDERED** to deduct from the wages of Gary C. Terrell fifteen percent (15%) of Gary C. Terrell's "disposable pay," as that term is defined in 20 U.S.C. § 1095a(d), for each pay period beginning with the first pay period that occurs after the entry of this order;

4. That the defendant, Gentle Touch Chiropractic Clinic, LLC, is **ORDERED** to pay to the plaintiff all amounts withheld from the pay of Gary C. Terrell under the terms of this order no less frequently than once a month;

5. That the defendant, Gentle Touch Chiropractic Clinic, LLC, is **ORDERED** to continue the required withholding from the wages of Gary C. Terrell and the required payments to the plaintiff until the total amount currently due, 17,323.28 dollars, plus all further accrued interest, is paid in full;

6. That the defendant, Gentle Touch Chiropractic Clinic, LLC, is **ORDERED** to pay all amounts withheld from the wages of Gary C. Terrell under the terms of this order to the plaintiff at TG, P.O. Box 659601, San Antonia, Texas 78265-9601, and to identify Gary C. Terrell's name and social security number on all payments; and

7.  That the defendant, Gentle Touch Chiropractic Clinic, LLC, is **ORDERED** timely to respond to all discovery served on it by the plaintiff concerning the claims at issue in this case.

Dated December 14, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**