## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Action Number: 07-cv-01182

TEXAS GUARANTEED STUDENT LOAN CORPORATION,

    Plaintiff,

v.

GENTLE TOUCH CHIROPRACTIC CLINIC, LLC,

    Defendant.

## ORDER GRANTING MOTION FOR FINAL DEFAULT JUDGMENT

**Blackburn, J.**

This matter is before me on the plaintiff's **Motion for Final Default Judgment** [#17][1] filed October 27, 2008. Having considered the motion and the file, and being advised in the premises, I find and conclude that the motion should be granted and judgment entered in favor of plaintiff and against the defendant.

1. The Complaint in this matter was filed on June 5, 2007. Service on the Defendant was completed by July 20, 2007.

2. Defendant has not filed an answer or in any other way responded to this lawsuit. The Clerk of the Court entered default against the defendant on August 31, 2007.

3. Plaintiff brought this suit under 20 U.S.C. § 1095a(a)(6) to enforce an administrative wage withholding order, which it issued to the Defendant on March 30,

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

2006. The wage withholding order directed the Defendant to withhold and pay to the Plaintiff ten percent (10%) of the "disposable pay," as defined by 20 U.S.C. § 1095a(d), of one Gary C. Terrell, who is the borrower on a student loan guaranteed by the Plaintiff and an employee of the Defendant at the time the wage withholding order was issued.

4. Defendant has refused to comply with the order sent to it by Plaintiff to withhold a portion of the wages of Gary C. Terrell.

5. Gary C. Terrell owes the Plaintiff $17,323.28.

6. Plaintiff's Complaint asked for two forms of relief against Defendant: damages for the amount of money Defendant should have paid over to Plaintiff out of the wages of the borrower (the "Damages Claim"); and a mandatory injunction requiring Defendant to withhold and remit the proper amount of money from the wages of the Borrower until the defaulted student loan is either paid in full or the Borrower no longer works for Defendant (the "Injunction Claim").

7. Plaintiff could not liquidate its Damages Claim because it cannot quantify the amounts owing to it by Defendant.

8. On December 14, 2007, the court entered its order [#14] Granting Plaintiff's Motion for Partial Default Judgment  (the "Order").

9. Under the terms of the Order, Defendant was required to respond to all discovery served on it by Plaintiff.

10. On February 7, 2008, Plaintiff served Defendant with Interrogatories pursuant to the Order.

11. Defendant has failed to answer the Interrogatories.

12. Defendant's failure to respond to discovery violates the Order.

13. Plaintiff has expended $5,690.00 for reasonable attorney fees and $468.72 in

costs in its attempts to collect the amounts owed.

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That the plaintiff's **Motion for Final Default Judgment** [#17] filed October 27, 2008, is **GRANTED**;

      2.  That under FED. R. CIV. P. 37(b)(2)(A)(vi) and FED. R. CIV. P.55 (b)(2), **DEFAULT JUDGMENT SHALL ENTER** in favor of the plaintiff, Texas Guaranteed Student Loan Corporation, against the defendant, Gentle Touch Chiropractic Clinic, LLC, as to all claims for relief and causes of action asserted in this case;

      3.  That the plaintiff is **AWARDED** damages in the amount of **$23,482.00 (twenty-three thousand four hundred eighty-two dollars)**, which sum represents the following amounts:

>    A.  $17,323.28, the amount owed to the plaintiff by defendant's employee, Gary C. Terrell;
>
>    B. $5,690.00, the plaintiff's reasonable attorney fees incurred in the plaintiff's attempts to collect the amounts owed by the defendant, which amount may be collected from the defendant under 20 U.S.C. § 1095a(a); and
>
>    C.  $468.72, the plaintiff's reasonable costs incurred in the plaintiff's attempts to collect the amounts owed by the defendant, which amount may be collected from the defendant under 20 U.S.C. § 1095a(a); and

      4.  That this case is **CLOSED**.

Dated August 19, 2009, at Denver, Colorado.

                                        **BY THE COURT:**

                                        */s/ Bob Blackburn*
                                        Robert E. Blackburn
                                        United States District Judge